UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: DePUY ORTHOPAEDICS, INC., PINNACLE HIP
IMPLANT PRODUCTS LIABILITY LITIGATION                    MDL No. 2244

TRANSFER ORDER

**Before the Panel:**[*]  Pursuant to 28 U.S.C. § 1407, plaintiff in a Central District of California action (*Falvey*) moves for centralized pretrial proceedings of all actions involving metal-on-metal configurations of Pinnacle Acetabular Cup System hip implants in the Central District of California or the Southern District of Texas.  Defendants[1] support centralization of all actions involving all configurations of Pinnacle Acetabular Cup System hip implants in the Northern District of Texas, the Southern District of Iowa, or the Southern District of Texas.

Plaintiffs' motion includes three actions: two in the Central District of California and one in the Western District of Washington, as listed on Schedule A.  The Panel has been notified of 54 additional related actions, several of which were filed before the most recently filed action on the motion.[2]

Plaintiffs in the Eastern District of Louisiana *Santorelli* potential tag-along action oppose inclusion of their action in any centralized proceeding.  In their briefing, all other responding plaintiffs in various actions or potential tag-along actions support centralization in one or more of the following districts: the Northern District of Alabama, the Northern District of California, the Southern District of Florida, the Western District of Louisiana, the District of Minnesota, the Northern District of Mississippi, the District of New Jersey, the Northern District of New York, the Southern District of New York, the District of Rhode Island, the Eastern District of Pennsylvania, and the Western District of Washington.  At oral argument, numerous plaintiffs stated that they also support selection of the Southern District of Texas as the transferee district.

---

[*]     Judge Barbara S. Jones did not participate in the decision of this matter.

[1]     DePuy Orthopaedics, Inc. (DePuy); and Johnson & Johnson Services, Inc., and Johnson & Johnson.

[2]     It is unclear why moving plaintiff failed to include any of these earlier-filed actions on her Section 1407 motion.  Regardless, these actions and any other related actions are potential tag-along actions.  *See* Rules 1.1(h), 7.1 and 7.2, R.P.J.P.M.L.

- 2 -

On the basis of the papers filed and the hearing session held, we find that these three actions involve common questions of fact, and that centralization under Section 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions share factual questions as to whether DePuy's Pinnacle Acetabular Cup System, a device used in hip replacement surgery, was defectively designed and/or manufactured, and whether defendants failed to provide adequate warnings concerning the device. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings on discovery and other issues, and conserve the resources of the parties, their counsel and the judiciary.

Several plaintiffs request that the centralized proceedings be limited to solely the metal-on-metal configuration of the DePuy Pinnacle Acetabular Cup System and that the litigation be renamed accordingly. Defendants assert that all configurations of the Pinnacle Acetabular Cup System should be included within the litigation. At this early stage of the litigation, we will not limit the scope of this MDL docket. The transferee judge can further refine the issues and closely scrutinize the arguments of the parties regarding the inclusion of metal-on-metal and other configurations. If he decides to include all configurations, then the transferee judge can employ any number of pretrial techniques – such as establishing separate discovery or motion tracks – to efficiently manage this litigation. It may be that some claims or actions (such as, perhaps, claims or actions involving Pinnacle Acetabular Cup System hip implants in configurations other than the metal-on-metal configuration) can be remanded to their transferor districts in advance of the other centralized actions. But we are unwilling, on the basis of the record before us, to make such a determination at this time. *See In re: Kugel Mesh Hernia Patch Prods. Liab. Litig.*, 493 F. Supp. 2d 1371, 1373 (J.P.M.L. 2007). Should the transferee judge deem remand of any claims or actions appropriate (or, relatedly, the subsequent exclusion of similar types of claims or actions from the centralized proceedings), then he may accomplish this by filing a suggestion of remand to the Panel. *See* Rule 10.1. We are confident in the transferee judge's ability to streamline pretrial proceedings in all actions, while concomitantly directing the appropriate resolution of all claims.

Plaintiffs in the Eastern District of Louisiana *Santorelli* potential tag-along action appeared at oral argument to stress that their action should not be included in any centralized litigation, given the health conditions of plaintiffs and the likelihood of expeditious resolution in the Eastern District of Louisiana. Because this action is a potential tag-along action, plaintiffs' arguments are premature, and we decline to grant plaintiffs' request at this time. The proper approach is for plaintiffs to present their arguments by moving to vacate if we issue an order conditionally transferring their action to the MDL. *See* Rule 7.1. Or plaintiffs may request that the transferee judge remand their action to the transferor court. *See* Rule 10.1.

We conclude that the Northern District of Texas is an appropriate transferee district for centralized pretrial proceedings in this litigation. These cases involve a medical device that was marketed and sold throughout the nation. The Northern District of Texas represents a geographically central and accessible district that enjoys favorable docket conditions. Judge James E. Kinkeade, who

- 3 -

presides over a potential tag-along action (*Shirilla*) pending in this district, has the caseload conditions conducive to handling this litigation, and we are confident that he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Northern District of Texas and, with the consent of that court, assigned to the Honorable James E. Kinkeade for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | Paul J. Barbadoro |

**IN RE: DePUY ORTHOPAEDICS, INC., PINNACLE HIP
IMPLANT PRODUCTS LIABILITY LITIGATION**                    MDL No. 2244

## SCHEDULE A

<u>Cental District of California</u>

Grace Purnia v. DePuy Orthopaedics, Inc., et al., C.A. No. 2:10-09192
Catherine Falvey v. DePuy Orthopaedics, Inc., et al., C.A. No. 2:11-02441

<u>Western District of Washington</u>

David Cornis, et al. v. DePuy Orthopaedics Inc., et al., C.A. No. 2:10-02000