BEFORE THE UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: DePUY ORTHOPAEDICS, INC.,
PINNACLE HIP IMPLANT PRODUCTS
LIABILITY LITIGATION

MDL No. 2244

RONALD BAZILE,

    Plaintiff,

VERSUS

DePUY ORTHOPAEDICS, INC.,
AND MARK STARRING
AND ASSOCIATES, INC.

    Defendants.

CIVIL ACTION NO.
2:11-cv-1262-JCZ-DEK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>MEMORANDUM IN SUPPORT OF MOTION TO
VACATE CONDITIONAL TRANSFER ORDER NO. 9</u>

MAY IT PLEASE THE COURT:

I.    **INTRODUCTION**

    The transfer of this case to MDL-2244 in the United States District Court for the Northern District of Texas was improper. First, MDL-2244 involves suits based on DePuy's Pinnacle hip prosthesis. The plaintiff, Ronald Bazile, sues regarding defects in three **S-ROM** components in his hip prosthesis. Simply put, he does not have a Pinnacle case.

    Second, the plaintiff filed, on June 7, 2011, a motion to remand his case to state court (Rec. Doc. No. 11) on the grounds that the federal court lacks jurisdiction. Transferring the case now to allow the MDL to decide remand will prejudice the plaintiff's interests, and delay a resolution of the motion. It contravenes rudimentary principles of judicial economy and fairness.

II.     **FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiff, Ronald Bazile, filed suit on May 4, 2011 in the 24th Judicial District Court for the Parish of Jefferson. He sued DePuy and its Louisiana distributor, Mark Starring and Associates, Inc., based on defective S-ROM components in his hip prosthesis. To begin with, it must be noted that DePuy mischaracterizes his suit as one based on a defective "Pinnacle Cup." That is not the case. Mr. Bazile complains about the **S-ROM** components that were used in his hip prosthesis. The operative report indicates Mr. Bazile's hip was replaced by the following parts:

- S-ROM femoral sleeve, Model No. 55-0524;
- S-ROM femoral stem (STD. + Latera, Model No. 52-3418);
- S-ROM M-Spec Femoral Head, Lot 2366197;
- Pinnacle acetabular cup; and
- Pinnacle metal liner.[1]

Of crucial importance, the petition alleges defects only in the femoral stem and head— not in the cup and liner. It reads:

> Defendant, DePuy, designed the S-ROM Hip System as a modular system. Two components in the system, the femoral stem and femoral head, were made of different metals. Specifically, the stem was made of a titanium alloy and the femoral head was made of cobalt chrome. The stem is intended to fit into the head. These two different metals are in contact with each other at the junction of the femoral ball component with the taper of the shaft component. When the ball is made from Cobalt-Chrome and the stem is from Titanium alloy, the risk of corrosion is greatly increased. As a result, there is excessive fretting of the metals into the tissue and the blood stream of the user causing increased risk of pain, tissue and organ damage,

---

[1] *See* Exhibit P-1, Operative Note and Nursing Intraoperative Record of June 27, 2007.

2

pseudotumors, and cancer etc.[2]

The point is that, although Mr. Bazile may have received the Pinnacle cup and liner, his petition asserts that only the **S-ROM femoral head, sleeve and stem** were defective and caused injury. There are **no** claims regarding the **Pinnacle cup and liner.**

On May 27, 2011, DePuy removed this case to the United States District Court, Eastern District of Louisiana, alleging fraudulent joinder of Starring, the Louisiana distributor-defendant. The plaintiff, on June 7, 2011, then filed a motion to remand, which is set for hearing on July 20, 2011.

DePuy also filed a motion to stay the proceedings pending its transfer to MDL 2244. That motion is set for June 22, 2011.

On June 3, 2011, the United States Judicial Panel on Multidistrict Litigation issued a Conditional Transfer Order (CTO-9) transferring the case to the United States District Court, Northern District of Texas, for inclusion in MDL 2244, *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Products Liability Litigation.* The plaintiff now moves to vacate the transfer order.

### III.  APPLICABLE LAW AND ARGUMENT

This case should not be transferred to the MDL. This is not a Pinnacle case; it alleges defects in the Modular S-ROM components. In addition, the threshold issue regarding federal jurisdiction, raised in the pending motion to remand, would more expeditiously, fairly, and efficiently be decided by the Louisiana Federal Court.

---

[2]Exhibit P-2, Petition for Damages, ¶10.

### A. Case Should Not be Transferred to the MDL Suit for Pinnacle Cases.

Ronald Bazile's hip was replaced by an artificial hip, consisting basically of five components— an S-ROM femoral head, an S-ROM femoral stem, an S-ROM femoral sleeve, a Pinnacle acetabular cup and a Pinnacle cup liner. The petition expressly complains about the S-ROM components, alleging they were defective and caused injury. Conversely, the petition does not even mention the Pinnacle cup and liner. It certainly does not allege a defect in the cup or liner. Therefore, Mr. Bazile's lawsuit cannot be categorized as, or grouped with, Pinnacle cases.

### B. The Transfer to the MDL Will Adversely Impact the Plaintiff's Motion to Remand.

The Louisiana District Court's, and not the MDL's, adjudication of the plaintiff's motion to remand will be quicker, fairer and more efficient.

#### 1. Delays

Having the MDL decide the plaintiff's motion to remand will entail protracted delays. If the Louisiana Court were to rule on remand, the hearing is scheduled for July 20, 2011. Conversely, if the MDL were to rule, there is no hearing date and, when one is set, it will likely be many months in the future.

The plaintiff's counsel, the Gertler Firm, is handling several cases based on DePuy's ASR Hip prosthesis. Like Mr. Bazile's suit, the cases were filed in Louisiana state court, removed to the Louisiana federal court and then transferred to the MDL. The Gertler plaintiffs filed motions to remand. Had the cases stayed in Louisiana federal court, the plaintiffs' motion to remand would have been heard within a few weeks. Because the cases were transferred to the MDL, however, the plaintiffs still do not have hearing dates, even though more than six months have elapsed since their motions to remand were filed.

Moreover this delay is particularly unfair, because the court's jurisdiction is a threshold issue which must be resolved before **any** action can be taken in the case. After all, if federal jurisdiction does not exist, there is no need for two federal court's involvement, and the extra procedural requirements imposed on the plaintiff by transfer to the MDL.[3]

### 2. Interference with Discovery Related to Remand

Further, the plaintiff wishes to take the 30(b)(6) deposition of Mark Starring and Associates, on jurisdictional issues related to remand. The plaintiff has noticed Starring's deposition for June 30, 2011. Under the law, the plaintiff has the clear right to such "jurisdictional" discovery.[4]

If the case remains in Louisiana federal court, discovery can go forward. If the case is transferred to the MDL, however, all discovery will likely be stayed.

### 3. Remand Does Not Involve Issues Raised in Other MDL Cases.

In addition, it makes sense for the MDL to adjudicate remand only if the latter involves issues common to the other DePuy cases in the MDL. For if there are common issues, a decision by the transferee judge would avoid "duplicative discovery and conflicting pretrial rulings."[5] Here there are **no** other cases in the MDL against Starring, a Louisiana-based company, arising out of the use of an S-ROM device. And significantly, remand will be decided on factual evidence regarding Starring's knowledge and sales practices. There will be no evidence on these matters in the other MDL cases, so the Texas Court will not be retreading familiar ground.

---

[3] *See* Exhibit P-3, Order and Reasons of Judge Mary Ann Vial Lemmon, in *Modesta St. Amant, et al. v. Bayer Corporation*, No. 01-3421 in the U.S. Dist Ct.-E.D. La., dated March 4, 2002; and Exhibit P-4, Order and Reasons of Judge Mary Ann Vial Lemmon, in *Andres Bardales, et al. v. Whitehall-Robbins Health Care et al.*, No. 01-3487 in the U.S.Dist Ct.-E.D. La.,dated March 6, 2002.

[4] *In re: Train Derailment Near Amite, Louisiana*, MDL 1531, 2003 WL 21715000, at *2 (E.D. La. Oct. 12, 2002); *Alexander v Norfolk Southern Corporation*, 97-3111, 1998 WL 19636, at *2 (E.D. La. Jan. 15, 1998); *Jewell v. Dudley L. Moore Insurance, Inc.*, 872 F. Supp 1517, 1520 (M.D. La. 1995); *Masion v. Liberty Mutual Insurance Company*, 06-1008, 2006 WL 1675378, at *2 (W.D. La. June 16, 2006); *Smallwood v. Illinois Central Railroad Company*, 385 F. 3d 568, 574 (5th Cir. 2004).

[5] *Boudreaux v. Metropolitan Life Ins. Co.*, No. 95-138, 1995 WL 83788, at *2 (E.D. La. Feb. 24, 1995).

5

### 4. Louisiana Court Should Determine Validity of Louisiana Causes of Action.

Further, the Louisiana Court has vastly more experience with, and greater expertise in, interpreting Louisiana law. This is particularly critical because the remand involves idiosyncratic **Louisiana** causes of action including redhibition, Civil Code article 1953 fraud etc. Thus, the transfer of this case to the MDL is inappropriate.

## IV. CONCLUSION

The plaintiff's motion to vacate Conditional Transfer Order 9 should be granted. First and foremost, Mr. Bazile has not alleged a Pinnacle case, so his case does not belong in the Pinnacle MDL action. Second, the plaintiff has a pending motion to remand, and the MDL's adjudication of this motion would contravene judicial economy and basic equity.

It will mean long delays in the resolution of the motion to remand. Further, the Louisiana Court has vastly more experience with, and understanding of, uniquely Louisiana causes of action. The transfer will also prevent or impede the plaintiff's ability to conduct discovery on jurisdictional issues. Moreover, the issues involved in the motion to stay (a Louisiana distributor's knowledge and sales practices) are not common to any other MDL case. For these reasons, this case should not be transferred to the United States District Court, Northern District of Texas.

Respectfully submitted,

**GERTLER LAW FIRM, L.L.P.**

/s/ Marcia Finkelstein
M. H. GERTLER, #6036
LOUIS L. GERTLER, #23091
MARCIA FINKELSTEIN, #5569
LEOLA M. ANDERSON, #30277
129 Carondelet Street
New Orleans, LA 70130
Ph.: (504) 581-6411 x211
Fax: (504) 581-6568
Email: mfinkelstein@gertlerfirm.com
Attorneys for Plaintiff, Ronald Bazile

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record and served the unrepresented defendants by facsimile, email, hand-delivery and/or U.S. Mail, postage pre-paid and properly addressed.

/s/ Marcia Finkelstein