FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 MAR -5 A 8: 43

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

MODESTA ST. AMANT, *ET AL.*                          CIVIL ACTION

VERSUS                                              NO.  01-3421

BAYER CORPORATION, *ET AL.*                         SECTION "S" (5)

### ORDER AND REASONS

   Before the court are plaintiffs Modesta and Geraldine St. Amants' motion to remand
(Document 9), defendant Bayer Corporation's motion for temporary stay (Document 12), Bayer's
motion for reconsideration of the order staying transfer of the case (Document 14), and Bayer's
motion to dismiss (Document 4).  **IT IS HEREBY ORDERED** that plaintiffs' motion to remand
is **GRANTED.**

A.     **Factual background.**

   The St. Amants filed suit in the Civil District Court for the Parish of Orleans on October
22, 2001.  They alleged that Modesta St. Amant had sustained personal injuries as a result of his
use of the over-the-counter medication Alka Seltzer Plus, which contained the ingredient
Phenylpropanolamine (PPA).  The St. Amants named as defendants Bayer and Miles, Inc., who
allegedly designed, manufactured, marketed, and distributed Alka Seltzer Plus.  They also named

1

DATE OF ENTRY
MAR 0 5 2002

EXHIBIT

tabbies

P-3

Walgreen Louisiana Co., Inc., alleging that it "is engaged in the business of distributing over-the-counter medications known as Alka Seltzer Plus products used for cold symptoms." *See* plaintiffs' Petition for Damages at ¶ 8.

The St. Amants' Petition alleges that defendants are liable to them under the Louisiana Products Liability Act (LPLA), in negligence, and as a result of their fraud and misrepresentation. They contend that defendants "knew or should have known" that PPA "could cause severe and life-threatening complications and side effects including but not limited to stroke, atrial arrhythmia, vasospasms, and severe elevation of blood pressure." *Id.* at ¶ 14. The St. Amants further contend that defendants "failed to warn" them of the hazards of PPA, or "concealed [their] knowledge of these hazards" from them. *Id.* at ¶ 15. The St. Amants specifically alleged a cause of action in redhibition against defendants under La. Civ. Code art. 2520 *et seq.*, claiming that defendants were liable for selling a product warranted as safe and effective when it was not reasonably fit for its intended use. *Id.* at ¶ 32. The St. Amants prayed for punitive damages, compensatory damages, attorney's fees, and "such other relief as provided for in Louisiana civil code Article 2545 . . . . " *Id.* at prayer, ¶ C.

Defendants removed the suit, basing federal jurisdiction on diversity under 28 U.S.C. § 1332. Defendants averred that each of them with the exception of Walgreen is completely diverse in citizenship from the plaintiffs, and that Walgreen was fraudulently joined. Although a conditional transfer order has been issued by the Judicial Panel on Multidistrict Litigation (CTO - 6), plaintiffs have opposed the transfer. On December 12, 2001, the court granted plaintiffs' motion to stay transfer of this case pending a hearing on their motion to remand, which was held on January 16, 2002. Additionally, defendants have moved to stay any ruling on plaintiffs' remand

2

motion pending the decision by the Panel on whether this matter should be transferred.

**B.**      **Analysis.**

    **1.**      **Defendants' motion to stay.**

Defendants argue that the court should decline to rule on plaintiffs' remand motion until the Judicial Panel on Multidistrict Litigation renders a decision on whether this case should be transferred to the multidistrict litigation pending in the United States District Court for the Western District of Washington.  The court finds that judicial economy is best served in this case by resolving the jurisdictional issue immediately.  If federal jurisdiction does not exist, this case should be remanded without the need for further federal proceedings.  Consequently, the court denies defendants' motion to stay.

    **2.**      **Plaintiffs' motion to remand.**

The general removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed.  28 U.S.C. § 1441(a).  Defendants contend that this action falls within the scope of the diversity statute, which requires complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  The parties do not dispute that the amount in controversy exceeds the jurisdictional minimum.[1] Plaintiffs' remand motion argues only that complete diversity does not exist because they named Walgreen as a defendant.  Like plaintiffs, Walgreen is a citizen of Louisiana.  Defendants argue that Walgreen has been fraudulently joined, and that its presence as a nominal defendant should

---

    [1]      Plaintiffs' Petition alleges that Modesta St. Amant sustained "severe, permanent, and disabling injuries to mind and body," including a hemorrhagic stroke and paralysis.  *See* Petition at ¶¶ 5 and 36.  Plaintiffs have also requested punitive damages.

not destroy diversity.

The test for fraudulent joinder is well established. The "burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) (*quoting B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). "To establish fraudulent joinder, the party crying foul must show there is no reasonable probability of recovery against the joined party or that there has been outright fraud in the pleadings of jurisdictional facts." *Delgado v. Shell Oil Co.*, 231 F.3d 165, 179 (5th Cir. 2000), *cert. denied*, 532 U.S. 972, 121 S. Ct. 1603, 149 L.Ed.2d 470 (2001).

The St. Amants argue that they have a valid redhibition claim against Walgreen. Chapter III, Title 9 of the Louisiana Civil Code provides the purchaser of a product with a cause of action in redhibition. Article 2520 provides generally that "A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale." The Civil Code provides different remedies depending on whether the seller knows of the defect. If the seller "knew not of the defect," he "is only bound to repair, remedy, or correct the defect," and if he cannot do so, he must "return the price to the buyer with interest from the time it was paid," and "reimburse him for the reasonable expenses occasioned by the sale . . . ." La. Civ. Code art. 2531. If the seller "knows that the thing he sells has a defect but omits to declare it," the seller "is liable to the buyer for the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees." *Id.* at art. 2545.

4

In this case, plaintiffs invoked La. Civ. Code art. 2545 in their Petition, and alleged that all defendants "knew or should have known" of the hazards of PPA yet did not disclose them. Plaintiffs' Petition does not present any specific facts demonstrating that Walgreen knew of the dangers of PPA.  In *Strickland v. Brown Morris Pharmacy*, No. 96-815, 1996 WL 537736 (E.D. La. Sept. 20, 1996), the court found that similar conclusory allegations about a defendant pharmacy's knowledge of the dangers of Primatine Mist could not support a bad-faith redhibition claim against the pharmacy under La. Civ. Code art. 2545:

> There are no facts asserted which would support a finding that Brown Morris [Pharmacy] either manufactured the product in question or knew or should have known that use of Primatine Mist by Mr. Strickland would cause the harm which occurred.  Moreover, no facts have been avowed which would go to show that Brown Morris knew or should have known that Primatine Mist was an unsafe product in its normal and intended use.  All the plaintiff has done in her petition is make conclusory allegations or legal conclusions put forward as factual findings which do not go toward establishing a cause of action.

*Id.* at *2.

Plaintiffs have not adequately pleaded facts giving rise to a bad faith cause of action in redhibition under La. Civ. Code art. 2545.  The issue before the court, then, is whether plaintiffs state a claim in redhibition against Walgreen as a good-faith seller.  Under the clear terms of La. Civ. Code art. 2531, relief against a good-faith seller includes recovery of the price plaintiffs paid for Alka Selzer Plus with interest, plus any reasonable expenses occasioned by the sale.  Thus, there is a reasonable possibility that plaintiffs may successfully prosecute a cause of action against Walgreen under state law, and Walgreen was not fraudulently joined.  *See Kientz v. Bohn Brothers Toyota*, No. 00-3101, 2000 WL 1808496, at *2 (E.D. La. Dec. 8, 2000) (denying remand because plaintiffs asserted a viable claim under La. Civ. Code art. 2531 against nondiverse automobile seller); *Scott v. American Tobacco Co.*, 959 F. Supp. 340, 343-44 (E.D. La. 1996)

(denying remand because plaintiffs asserted a viable claim under La. Civ. Code Art. 2531 against

nondiverse distributors of cigarettes, who were not therefore fraudulently joined).

**C.      Conclusions.**

Judicial economy is best served in this case by resolving the jurisdictional issue

immediately.  Walgreen was fraudulently joined only if defendants demonstrate that plaintiffs have

no reasonable possibility of recovering against it.  The court finds that there is a reasonable

possibility that plaintiffs can recover under La. Civ. Code art. 2531 against Walgreen as a good

faith seller.  Because Walgreen was not fraudulently joined, diversity jurisdiction is not present in

this case.

New Orleans, Louisiana, this _4_ day of March, 2002.

Mary Ann Vial Lemmon
United States District Judge